UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 16 CR 550 |
| | ) | |
| v. | ) | Honorable Charles P. Kocoras |
| | ) | |
| EDWARD J. MAJERCZYK | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of Illinois, hereby files its Sentencing Memorandum for defendant Edward Majerczyk.

Defendant engaged in a sophisticated phishing scheme in which he tricked his victims into providing usernames and password information for their email accounts to a third-party website, which website defendant then accessed to obtain the victims' usernames and passwords. Defendant then accessed the victims' email accounts to access their personal data, including nude photographs and videos (PSR ¶¶ 6-9.) In at least 30 instances, defendant obtained full Apple iCloud backups for victims. (Id.) Based on log information, the government identified over 300 victims of defendant's conduct. (PSR ¶ 13.) Defendant has admitted his conduct, and admitted to doing so to "see things through other people's eyes" and "for kicks." (PSR ¶ 9.)

The government stands by its agreements in the plea agreement and recommends a sentence of 9 months of imprisonment.

A. <u>Advisory Sentencing Guidelines Calculations</u>

The government concurs with probation's calculation that defendant has no prior criminal history points and is in criminal history category I. (PSR ¶¶ 30-36.)

Pursuant to the plea agreement, the parties stipulated to the following sentencing factors:

| | | |
|---|---|---|
| Base offense level | 6 | U.S.S.G. § 2B1.1(a)(2) |
| More than 10 victims | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |
| Sophisticated means | +2 | U.S.S.G. § 2B1.1(b)(10)(c) |
| Hacking offense seeking personal information | +2 | U.S.S.G. § 2B1.1(b)(2)(B)(17)(A) |

Thus, with a further -2 reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), defendant's total offense level is 10. (PSR ¶ 68.)

These agreed upon factors are different from those calculated by probation in that, pursuant to U.S.S.G. § 2B1.1(b)(10)(c), probation increased defendant's offense level to 12 before applying the +2 enhancement for a hacking offense seeking personal information pursuant to U.S.S.G. § 2B1.1(b)(2)(B)(17)(A), resulting in a pre-acceptance offense level of 14, and a post-acceptance offense level of 12. (PSR ¶¶ 16-27.) Although the PSR appears to be correct (*see* U.S.S.G. § 1B1.1 (instructing the Court to "apply any appropriate specific offense characteristics . . . in the order listed"), to give the defendant the benefit of his bargain, the

government requests that the Court sentence defendant to 9 months in custody, as agreed upon by the parties.

### B. <ins>Restitution</ins>

Two victims have made restitution requests. The government will address these requests in court at the time of sentencing.

### C. <ins>Sentencing Recommendation</ins>

Pursuant to the Plea Agreement, the parties agreed to a joint sentencing recommendation of 9 months. As part of the plea, the government did not pursue any charges for aggravated identity theft under 18 U.S.C. § 1028A, although all of the victims were real individuals, which would have subjected defendant to a mandatory 2-year consecutive sentence. Thus, a 9-month sentence is meant to balance the mitigating and aggravating factors of defendant's conduct.

Such a sentence is warranted to address the seriousness of defendant's offense, including the very large number of victims, far exceeding the threshold for which the advisory guidelines calculates an adjustment. A 9-month sentence also promotes specific and general deterrence.

However, the parties' stipulated sentence is also sufficient and not greater than necessary to promote the sentencing goals of 18 U.S.C. § 3553(a). Although defendant committed a serious offense numerous times, he is a first time offender with no prior criminal history, and has already been working toward rehabilitation. Defendant was forthcoming with law enforcement and assisted the government by

timely pleading guilty. The government respectfully requests the Court impose the sentence recommended by the parties.

                                            Respectfully submitted,
                                            ZACHARY T. FARDON
                                            United States Attorney

                                     By: _s/Rajnath Laud_
                                            RAJNATH LAUD
                                            Assistant United States Attorney
                                            219 South Dearborn Street
                                            Chicago, Illinois 60604
                                            (312) 469-6306

Dated: January 17, 2017